# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| vs. | : | CR No. 03-071-ML |
| CHARLES C. BROWN | : | |

## MEMORANDUM AND ORDER
## RE: MOTION FOR EXPERT WITNESS

Before this Court is Charles C. Brown's motion for expert witness (Doc. #244), filed in the above matter. For the reasons that follow, that motion is denied.

In 2004 Brown was convicted, after an eight-day trial, of possession with intent to distribute cocaine base and conspiracy to posses with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846.[1] He was sentenced to a mandatory term of life imprisonment, in view of his prior drug convictions. Brown's conviction and sentence were affirmed on appeal by the First Circuit, see United States v. Isler, 429 F.3d 19 (1st Cir. 2005), and further review was denied by the Supreme Court on March 20, 2006. Brown v. United States, 547 U.S. 1022 (2006).

In the instant motion, Brown asks this Court to appoint an expert witness, at Government expense, to examine certain evidence (drug containers) found in his home and in his car at the time of his arrest, which evidence was introduced by the Government at trial. Brown also seeks to have one of the containers, a so-called Planters container, tested for "DNA" to show that the container came from a previous (unspecified) case. He alleges that the test results "will prove misconduct, perjured testimony by officers while under oath and prove my innocence." (Motion for Expert Witness at 3.) Finally, Brown indicates that he is filing the instant motion in contemplation of filing

---

[1] Brown was tried with two co-defendants, Bilal Abdul Rashid and Charles H. Isler, who were also found guilty and were separately sentenced by this Court. Their convictions were affirmed on appeal.

a motion to vacate sentence pursuant to 28 U.S.C. §2255.

This Court declines to authorize the retention of an expert to conduct tests on evidence presented at a trial which occurred more than 7 years ago. First, this Court is not aware of any authority, and Brown points to none, under which such an expert may be appointed, even if there were a collateral proceeding or motion pending before this Court. Moreover, Brown presents nothing to support his assertion that such testing would prove his innocence, particularly in light of the overwhelming evidence of Brown's participation in the drug offenses presented at his trial.[2] Furthermore, Brown failed to challenge the sufficiency of the evidence concerning the drug containers during his direct appeal, and, absent cause and prejudice, he may not do so in any postconviction proceeding. See Owens v. United States, 483 F.3d 48, 57-58 (1st Cir. 2007).

As to Brown's assertion that this testing is needed in connection with a contemplated motion to vacate sentence pursuant to 28 USC §2255, this Court notes that the one-year limitation for filing such a motion has long since expired, given that his conviction became final in March 2006. See 28 U.S.C. § 2255(h) (motions to vacate must be filed within one year of the date petitioner's conviction

---

[2] In its decision affirming Brown's conviction, the Court of Appeals found more than sufficient evidence to support the convictions of Brown and his co-defendants. The court noted that after pulling into his driveway, Brown was observed transferring a plastic bag containing a white substance from a brown paper bag into a cheese puff container, return the container to his vehicle, and carry the brown bag with remaining contents into the house. Isler, 429 F.3d at 22. The court further noted that police entered the house and arrested the three men, who tried to escape and put up "a violent struggle." Id. at 25. The apartment contained a sophisticated video surveillance system to monitor people coming and going and a heavily fortified door containing a pass-through window through which drugs and money could be passed while the sellers remained relatively unobserved. Id. at 22, 25. In the house police found and seized the paper bag that Brown had been carrying, which contained 142.45 grams of cocaine base, as well as a cooking plate with cocaine base residue, a digital scale, plastic bags, baking soda and other drug paraphernalia, and collected an additional 22 small packages containing 6.3 grams of cocaine base from an overflowing toilet. Id. Also, a search of Brown's car yielded the cheese puff container he was observed carrying which contained an additional 16.73 grams of cocaine base. Id. at 23.

became final).³

Based on the foregoing considerations, Brown's motion for an expert witness must be DENIED. In addition, Brown's petition for writ of habeas corpus ad testificandum to appear at a hearing on his motion is likewise denied.⁴

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

Date: June 9, 2011

---

³ This Court need not address whether any of the other limitations provisions of §2255(h) would apply, as no motion to vacate is currently before this Court.

⁴ The docket shows a pending motion for appointment of counsel (Doc. #241) in connection with his contemplated §2255 motion. That motion is likewise denied, as there is no right to counsel in connection with a §2255 proceeding. See e.g. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional right to counsel in collateral proceedings); Roccisano v. United States, 936 F.Supp. 96, 101 (S.D.N.Y. 1996) (same as to §2255 proceeding).